FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

NOV 15 2021

MITCHELL R. ELFERS
CLERK OF COURT
10:25 am

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                                    No. CV 21-01013 KG/GBW

DANK SMOKE SHOP & GROCERY,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(1) on the Claim for Damage, Injury, or Death filed by Plaintiff Myrtis Paulo Hart (Doc. 1; Doc. 3 (redacted)). The Court determines that the allegations of the Claim for Damage, Injury, or Death do not establish any federal jurisdiction under either 28 U.S.C. § 1331 or § 1332. Therefore, the Court will dismiss the Claim for Damage, Injury, or Death without prejudice for lack of subject matter jurisdiction.

### I. Factual and Procedural Background

Plaintiff Myrtis Paulo Hart is a state prisoner incarcerated at the Curry County Detention Center in Clovis, New Mexico. (Doc. 1 at 3; Doc. 3 at 3). Plaintiff Hart filed his Claim for Damage, Injury, or Death on October 19, 2021. (Doc. 1; Doc. 3) ("Complaint"). His Complaint is on a Federal Tort Claims Act claim form. (Doc. 1 at 2; Doc. 3 at 2). For his personal address, he lists a residential street address in Clovis, New Mexico. (Doc. 1 at 1; Doc. 3 at 1). He names, as Defendant, the Dank Smoke Shop & Grocery located at 904 San Pedro Dr. SE, Albuquerque, New Mexico. (Doc. 1 at 1; Doc. 3 at 1).

As a basis for his claim, the Complaint states:

> I was pulled from Car and assaulted from Dank Smoke Shop & Grocery employee (Employee was 6'4 African American, wearing a black shirt dark employee uniform. This was in the parking lot of Dank Shop (Head Shop and caught on camera. Was then approached by employee's after the fact, I then notified store clerks Manager as well as employee's in store of interaction that equated to assault and attempt of attempted homicide as well threats of murder from employee to me.

(Doc. 1 at 1; Doc. 3 at 1). Hart describes his injuries as "Bruises, Abrasions, Psychological Injury and Traumatic Brain Injury." (Doc. 1 at 1; Doc. 3 at 1). He seeks $250,000 for property damage and $500,000 for personal injury. (Doc. 1 at 1; Doc. 3 at 1).

II. The Court Lacks Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. The Court's authority to hear cases is defined and limited by statute. There are two statutory bases for federal subject-matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotations and citations omitted). The basis for federal court jurisdiction must be clearly evident on the face of the complaint. *Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir.1972). Subject matter jurisdiction is a threshold issue and requires more than an assumption that jurisdiction exists. *Robinson v. Brown & Williamson Tobacco Corp.*, 909 F. Supp. 824, 826 (D. Colo. 1995).

Federal question jurisdiction is conferred to a district court by statute in cases arising under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he 'well-pleaded complaint rule' requires that the federal question appear on the face of the plaintiff's properly pleaded complaint." *Garley v. Sandia Corp.,* 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision under which the claim

2

arises and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir.1986) (citations omitted). "Mere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Congress has given the federal district courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28 (1983); *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1088, 1093–94 (D.N.M. 2005).

For purposes of diversity jurisdiction, 28 U.S.C. § 1332(a)(1) provides that district courts have original jurisdiction where the amount in controversy exceeds $75,000.00 and the lawsuit is "between ... citizens of different states." "It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant." *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1095–96 (10th Cir.2003) (citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74 (1978)). *See Levy v. Swift Transp. Co., Inc.,* No. 99–2167, 1999 WL 734494, at *2 (10th Cir. Sept. 21, 1999) ("Diversity jurisdiction requires complete diversity—each defendant must be a citizen of a different state than plaintiff.") The courts start with the presumption against diversity jurisdiction, and the burden is upon the party asserting jurisdiction to affirmatively establish it. Because federal courts are of limited

3

jurisdiction, there is a presumption against the existence of diversity jurisdiction. *Weiszmann v. Kirkland and Ellis,* 732 F.Supp. 1540, 1547 (D.Colo.1990).

The allegations of Hart's Complaint do not demonstrate the existence of either federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332. First, Plaintiff Hart's Complaint does not facially establish federal question jurisdiction in this case. *Garley v. Sandia Corp.,* 236 F.3d at 1207. Although he incorrectly used a Federal Tort Claims Act claim form, nothing in his factual allegations states any federal claim for relief. To the contrary, his assertions that he was assaulted and injured by an employee or employees of a private New Mexico business raise only issues of New Mexico state law, not federal questions. *See* UJI 13-1301 through UJI 13-1320 NMRA; *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. at 813.

Similarly, the Complaint fails to show diversity of citizenship for jurisdictional purposes. For diversity purposes, a prisoner is a citizen of the state in which he was a citizen *prior* to incarceration. *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago,* 9 F.3d 1236, 1238 (7th Cir.1993) ("It [citizenship] should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."); *Sullivan v. Freeman,* 944 F.2d 334, 337 (7th Cir.1991) ("the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison"); *Jones v. Hadican,* 552 F.2d 249, 250 (8th Cir.) (per curiam), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *see also* Restatement (Second) of Conflicts of Law § 17 cmt. b (1988 rev.).

The Complaint indicates that Plaintiff Hart is incarcerated in a New Mexico county detention facility. (Doc. 1 at 3; Doc. 3 at 3). He lists a New Mexico residential address as his personal address and the events he complains of all occurred prior to his incarceration and

occurred within the State of New Mexico. (Doc. 1 at 1-2; Doc. 3 at 1-2). As such, the face of the Complaint does not establish any diversity of citizenship between Plaintiff and Defendant. The Complaint alleges that he was present in and all events underlying his Complaint took place in Albuquerque, New Mexico. *Sullivan v. Freeman,* 944 F.2d at 337. The allegations of the Complaint do not suggest that Plaintiff resides or is domiciled anywhere other than New Mexico.

Further, the Defendant, Dank Smoke Shop and Grocery, is allegedly located and doing business at a private address in the city of Albuquerque, New Mexico. Therefore, the Defendant has its place of business in and would appear to be domiciled in New Mexico. 28 U.S.C. § 1332(c)(1). The allegations of the Complaint tend to show that both Plaintiff and Defendant are from New Mexico and, exercising the presumption against diversity, there is no diversity of citizenship jurisdiction under § 1332. *Weiszmann v. Kirkland and Ellis,* 732 F.Supp. at 1547.

Plaintiff Hart's Complaint does not establish either federal question or diversity jurisdiction. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Whitelock v. Leatherman,* 460 F.2d at 514; *Robinson v. Brown & Williamson Tobacco Corp.,* 909 F. Supp. at 826. If Plaintiff wishes to pursue his claims, he may do so by filing in the state courts of New Mexico, but there is no authority for him to bring the claims in federal court. The Court will dismiss the Complaint without prejudice under Fed. R. Civ. P. 12(b)(1).

IT IS ORDERED that the Claim for Damage, Injury, or Death filed by Plaintiff Myrtis Paulo Hart (Doc. 1; Doc. 3 (redacted)) is DISMISSED without prejudice for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE